**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERARI YISRAEL,<br><br>Plaintiff.<br><br>v.<br><br>LORETTO HOSPITAL,<br><br>Defendant. | Case No. 26-cv-10609<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

NOW COMES Plaintiff, MERARI YISRAEL, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant, LORETTO HOSPITAL, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was harmed by Defendant in this District.

**PARTIES**

3. Plaintiff, MERARI YISRAEL ("Plaintiff"), was at all times relevant to this suit an adult, residing in Chicago, Illinois. Plaintiff was harmed by Defendant in this District.

4. Defendant, LORETTO HOSPITAL ("Defendant"), is duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under the ADA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. On or about June 26, 2025, Plaintiff timely filed a Charge of Discrimination alleging disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2025-09140 against Defendant.

6. On June 3, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding Charge No. 440-2025-09140.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

**UNDERLYING FACTS COMMON TO ALL COUNTS**

8. On August 2, 2021, Plaintiff was hired as a Public Safety Officer by Defendant.

9. Defendant had an amputated finger; Defendant was apprised of Plaintiff's disability.

10. Plaintiff performed his job satisfactorily within legitimate expectations of Defendant.

11. At all times relevant hereto, Juan Ambramo and Victor Izarry were Plaintiff's direct supervisors. Tanisha Daniels was the director.

12. At all times relevant hereto, Tanisha Daniels harassed Plaintiff, creating a hostile work environment.

13. On October 16, 2024, at ten o' clock there was a code 78 on the 3rd floor which is the psych floor. Plaintiff was one of the officers on duty that day. Plaintiff responded to the call and when he arrived at the unit, with his supervisor at the time and another officer, a patient had barricaded himself in the bathroom. Plaintiff's supervisor tried to get the patient out of the bathroom; then Plaintiff tried. Plaintiff then overheard his coworker say "Izzy watch your hand." Immediately thereafter, Plaintiff's left ring finger got caught in the bathroom door, severing it. Plaintiff was taken to the Emergency Room and treated as a trauma patient; then, he was transferred to Loyola University Medical Center.

14. Plaintiff was on workers' compensation leave for his work accident from October 16, 2024 to January 10, 2025.

15. On January 11, 2025, Plaintiff returned to work with light duty/accommodation, which according to Defendant the only light duty assignment they had was desk duty. There was another officer on second shift who was on light duty, and he was assigned the outside post. Plaintiff could not get the outside post because according to Defendant the officer that is outside must respond to the Emergency Room.

16. On January 11, 2025, Plaintiff was posted at the desk, which is in the main lobby. An overnight ER tech named Tomika asked him how he was doing. Plaintiff responded, "I am still standing." Ms. Tanshia Daniels interjected, stating "[Plaintiff] is doing better than fine," making Plaintiff uncomfortable.

17. On February 6, 2025, Plaintiff had an employee consultation with Tanisha Daniels. She described three incidents that he allegedly allowed to happen at the desk. Working at the desk at Loretto Hospital there will be times when a lot is going on; you must watch the cameras, sign

in visitors and contractors, and be a dispatcher answering phones, at times it could be overwhelming.

18. However, Plaintiff did not agree with what Ms. Daniels stated so he did not sign the employee consultation. Plaintiff left Tanisha Daniel's office and went into the hallway and cried and had an anxiety attack. Plaintiff's supervisor Victor Izarry had a talk with Plaintiff and calmed him down, telling him not to let this work situation and meeting with Ms. Daniels overwhelm him.

19. On February 8, 2025, Plaintiff went to the CEO of the hospital, Tesa Anewishki, and had a meeting with her, to no avail.

20. On or about the week of February 24, 2025, Plaintiff had a meeting scheduled with Ms. Leslie in Human Resources. When he arrived at the meeting, he became aware that Ms. Tanisha Daniels would be joining the meeting as well. Plaintiff felt uncomfortable and did not want to talk in front of her in the meeting as he felt that he was being set up.

21. Shortly thereafter, on March 27 2025, Plaintiff was terminated for what Defendant indicated was poor work performance, pretext for the discrimination.

22. Because of his disability, Plaintiff was subjected to disparate treatment and discriminatory acts by Defendant, in violation of the ADA.

23. Further, in retaliation for exercising a protected activity, by requesting ADA accommodation and complaining to the CEO, Defendant increased the disparate and discriminatory treatment, including terminating Plaintiff on March 27, 2025.

**COUNT I — DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

24. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

25. Defendant is an employer, as defined by the ADA.

26. Plaintiff has a disability protected by the ADA.

27. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of his job with or without reasonable accommodation.

28. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to advancement and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

29. Nevertheless, Defendant discriminated and retaliated against Plaintiff because he suffered from the aforementioned disability and requested accommodation.

30. Similarly situated employees without a disability were treated more favorably by Defendant.

31. Therefore, Plaintiff suffered an adverse employment action by Defendant because of his disability.

32. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, MERARI YISRAEL, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II — RETALIATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

33. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

34. Defendant is an employer, as defined by the ADA.

35. Plaintiff has been diagnosed with a disability protected by the ADA.

36. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of his job with or without reasonable accommodation.

37. The ADA prohibits retaliation against an employee for exercising his rights under the Act. See 42 U.S.C. § 12203(a).

38. Nevertheless, Defendant discriminated and retaliated against Plaintiff because he suffered from the aforementioned disability and requested accommodation.

39. Similarly situated employees without a disability were treated more favorably by Defendant.

40. Therefore, Plaintiff suffered an adverse employment action by Defendant because of his disability.

41. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, MERARI YISRAEL, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: September 1, 2026

__/s Antonio L. Jeffrey______
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com